Filed 10/2/15  P. v. Falcon CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B260598 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA226525) |
| v. | |
| JUAN ANTONIO FALCON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Robert J. Perry, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Stephanie C. Brenan and Toni R. Johns Estaville, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Juan Antonio Falcon appeals from an order denying his petition for resentencing pursuant to Proposition 36 (Pen. Code, § 1170.126)[1] to reduce his "Three Strikes" sentence. We affirm the order of the trial court. All of Falcon's convictions for assaulting a peace officer were serious felonies, and he is ineligible for resentencing under Proposition 36.

## FACTS AND PROCEEDINGS BELOW

In two separate incidents in 2001, while Falcon was in custody for an earlier offense, he participated in attacks on sheriff's deputies. During one of those attacks, he used a prison-made knife. On two other occasions, deputies found him in possession of a jail-made weapon. A jury convicted him of four counts of assault on a peace officer in violation of section 245, subdivision (c), along with three counts of possession of a weapon while in custody in a penal institution, in violation of section 4502, subdivision (a). Because Falcon had two previous strike convictions, the court sentenced him under the Three Strikes law (§§ 667, subd. (b)-(i), 1170.12, subd. (a)-(d) to seven consecutive 25-year-to-life terms, plus a five-year enhancement, for a total of 180 years to life in prison.

In December 2013, Falcon petitioned for resentencing pursuant to Proposition 36, contending that his convictions were not for serious or violent felonies. The court denied his petition, concluding that he was ineligible for resentencing because one of his assault convictions involved the use of a deadly weapon and was therefore a serious felony pursuant to section 1192.7(c). This appeal followed.

---

[1] Unless otherwise noted, all subsequent citations are to the Penal Code.

## DISCUSSION

Proposition 36, which includes section 1170.126 (Prop. 36, § 6, as approved by voters, Gen. Elec. (Nov. 6, 2012), effective Nov. 7, 2012), amended the Three Strikes law so that a defendant with two prior strikes may receive a third-strike indeterminate sentence of 25 years to life only if convicted of a serious or violent felony. A defendant who was convicted and sentenced to a third-strike life sentence prior to the enactment of Proposition 36 for a felony that is not violent or serious may petition the court for resentencing. (§ 1170.126, subd. (b).)

Falcon contends that he is eligible for resentencing under Proposition 36 with respect to two of his convictions assaulting an officer. He points out that, although the jury sustained an allegation that he used a deadly weapon in an assault on two deputies on November 28, 2001, there was no similar allegation that he used a weapon in attacking two other deputies in a separate assault on March 26, 2001. He argues that two of his four counts of assaulting an officer were therefore not serious felonies as defined in section 1192.7, subdivision (c).

Falcon is correct that his convictions for serious felonies do not prevent him from seeking relief under Proposition 36 for other felony convictions that are neither serious nor violent. Our Supreme Court recently held, in *People v. Johnson* (2015) 61 Cal.4th 674, that an inmate's "eligibility for resentencing [under Proposition 36 must] be evaluated on a count-by-count basis. . . . [A]n inmate may obtain resentencing with respect to a three-strikes sentence imposed for a felony that is neither serious nor violent, despite the fact that the inmate remains subject to a third strike sentence of 25 years to life" on another offense. (*Id.* at p. 688.)

Nevertheless, Falcon's petition fails because he has misinterpreted the statutes in question. Section 245 outlaws several different kinds of assaults, notably assaults with a deadly weapon and assaults committed by means of force likely to cause great bodily injury. Subdivision (c) of this section, under which Falcon was convicted, applies to assaults with a deadly weapon or causing great bodily injury where the victim is a peace officer. Section 1192.7, subdivision (c) lists many different felonies that constitute

3

serious felonies for purposes of the Three Strikes law.  One of the entries in the list reads as follows: "assault with a deadly weapon, firearm, machinegun, assault weapon, or semiautomatic firearm *or assault on a peace officer* or firefighter, in violation of Section 245." (§ 1192.7, subd. (c)(31), emphasis added.)  By the terms of the statute, then, all assaults on a peace officer in violation of section 245 are serious felonies, regardless of whether they were committed with a deadly weapon.  (*People v. Semien* (2008) 162 Cal.App.4th 701, 709-710.)

Thus, it is irrelevant that two of Falcon's convictions under section 245, subdivision (c) did not involve the use of a deadly weapon.  They remain serious felonies, and Falcon is ineligible for resentencing under Proposition 36.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:



CHANEY, J.



JOHNSON, J.

4